**BRECKENRIDGE INDEPENDENT SCHOOL DIST. v. MORAN INDEPENDENT SCHOOL DIST. et al.**

No. 2812.

Court of Civil Appeals of Texas. Eastland.

April 28, 1950.

Rehearing Denied May 12, 1950.

L. D. Hawkins, Breckenridge, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, George W. Overshiner, Abilene, for appellees.

PER CURIAM.

Henry Compton instituted this suit against the Moran Independent School Dis-

trict and Breckenridge Independent School District to recover on a promissory note given him by Eureka Common School District No. 9, in payment for a school bus, and to determine which of said districts the Eureka District had been consolidated with, to the end that said Compton might properly pay taxes on his property lying within said Eureka District. Upon a trial to the court upon an agreed statement of facts, judgment was rendered that said Eureka District had been lawfully consolidated with Moran Independent School District and awarded Compton recovery on his note against said Moran District. From this judgment Breckenridge Independent School District has appealed.

The agreed statement of facts is as follows:

## I.

"There are involved in this cause three school districts, to wit: Eureka Common School District No. 9, Moran Independent School District and Breckenridge Independent School District. Said Eureka Common School District No. 9 is hereinafter called Eureka District; said Moran Independent School District is hereinafter called Moran District, and said Breckenridge Independent School District is hereinafter called Breckenridge District.

## II.

"Ever since long prior to January 1, 1940, said Breckenridge District has been, and is now, a duly and legally created active independent school district, existing and operating under the laws of Texas, geographically located wholly within the boundaries of Stephens County, Texas. Ever since long prior to said date said Moran District has been, and is now, a duly and legally created active independent school district, existing and operating under the laws of Texas. Prior to the election hereinafter mentioned it lay wholly within the boundaries of Shackelford and Callahan Counties, Texas. Whether it includes any portion of Stephens County, Texas, depends upon the effect to be given herein to the elections hereinafter mentioned.

## III.

"During and throughout a period beginning long prior to January 1, 1940, and extending down to the time of its consolidation with one or the other of said Moran District or said Breckenridge District (whichever may be held herein to have been a valid consolidation), said Eureka District was a common school district. During and throughout said period same was a 'dormant' district, as that term is used and defined in Article VIII of Senate Bill No. 116 passed by the Fifty-First Legislature of the State of Texas (1949). The territory embraced within the boundaries of said Eureka District during said period was, and still is, wholly within Stephens County, Texas. Said territory at the time of the elections hereinafter mentioned long had been and then was contiguous to and adjoined said Moran District as it existed prior to and at said elections. Said territory, at the time of the entry of the order of the County Board of Trustees of Stephens County, Texas, dated October 22, 1949, hereinafter referred to, was contiguous to and adjoined said Breckenridge District as it existed at the time of the entry of said order.

## IV.

"On June 15, 1949, a petition in due and legal form, bearing the requisite number of signatures of qualified voters of said Moran District was duly presented to the County Judge of Shackelford County, Texas, requesting that an election be held in said Moran District to determine whether or not said Moran District and said Eureka District should be consolidated. On said date a like petition, in due and legal form, bearing the requisite number of signatures of said Eureka District was duly presented to the County Judge of Stephens County, Texas, requesting that an election be held in said Eureka District to determine whether or not said Moran District and said Eureka District should be consolidated. On August 2, 1949, said County Judges made and entered their respective orders calling such elections in said districts, respectively, as requested in said

petitions, the date of said elections being thereby and therein fixed as August 27, 1949. On August 27, 1949, elections were held in said Eureka and Moran Districts whereat was submitted to the voters of said two Districts said proposition of such consolidation, with the result that in the Moran District the vote was 106 for and two against, and in the Eureka District the vote was 25 for, and one against. Thereafter, on the 31st day of August, 1949, the results of said elections were duly declared by the Commissioners Courts of both Shackelford and Stephens County. Said petitions, and said orders calling elections, and said elections, and the declarations of the results thereof were in all things in conformity with Article 2806 of the Revised Statutes of Texas [Vernon's Ann.Civ.St. art. 2806].

## V.

"On October 22, 1949, the County Board of Trustees of Stephens County, Texas, at a formal session, unanimously made and entered its order on its face consolidating said Eureka District with said Breckenridge District. A full, true and correct copy of said order of said Board was filed with the original answer of defendant Breckenridge Independent School District in this cause, marked 'Exhibit A', and same is hereby referred to and made a part hereof. Said order was entered in all respects in conformity with said Article VIII of said Senate Bill 116 so passed by the Fifty-First Legislature of Texas.

## VI.

"It is further agreed by the parties that in full and final satisfaction and settlement of the note sued on in this cause, judgment may be rendered in favor of the plaintiff, Henry Compton, against the Independent School District with which said Eureka District shall be finally determined to be consolidated, for the sum of $2,105.32, with the further provision in the judgment that no execution shall issue therefor until after the final determination of this litigation.

## VII.

"It is agreed that the only question for the Court to determine in this case is which method shall control in the consolidation of a dormant district. Said Moran District contends it should and could be done by election; said Breckenridge District contending it could only be done by an order of the County School Board. In other words, the question here to be determined is whether as a result of said elections said Eureka District has been consolidated with said Moran District, or whether as a result of said order of the County Board of Stephens County, Texas, said Eureka District has been consolidated with said Breckenridge District.

## VIII.

"It is intended by this agreement to preclude both parties from introducing further evidence, as it is considered by the parties that further facts are unnecessary to the determination of the issue involved."

Appellant contends (1) that it was error for the trial court to give effect to the elections held in Eureka Common School District and Moran School District on August 27, 1949 and hold that as a result thereof, said two districts were lawfully consolidated; (2) that it was error for the trial court to hold that Eureka Common School District and Breckenridge Independent School District were not lawfully consolidated by the order passed by the County Board of Trustees of Stephens County on October 22, 1949. The question presented is did Article VIII of Senate Bill 116, passed by the Fifty-First Legislature, which became effective on June 8, 1949, Vernon's Statutes art. 2922—18, which permitted consolidation by order of the County Board of School Trustees, provide an exclusive method whereby a dormant common school district may be consolidated with an adjoining active independent district. If this provision of the statute is the only method whereby dormant districts may be consolidated with an active independent district, then the elections held on August 27, 1949 in the Moran and Eureka Districts were void and should not be given any effect. On the contrary, if Article 2806, Vernon's Annotated Civil Statutes was not repealed by Article VIII, Senate Bill 116, and the same was still in effect as to

dormant districts, then such election is not void.

The Fifty-First Legislature, at its regular session, passed the "Foundation School Program," generally known as the "Gilmer-Aiken Bill." Article VIII of this bill provides that within thirty days from the effective date of the Act, the County Board of Trustees was authorized and required to consolidate by order of said Board each dormant school district within the County with an adjoining district or districts. Dormant districts were defined as any school district that fails for any two consecutive years subsequent to the 1946–1947 school year to operate a school in the district for the race having the greater number of enumerated scholastics in the district. The fourth paragraph of said Article VIII reads as follows:

"The provisions herein for the consolidation of school districts by order of the County Board of Trustees shall be applicable only in the instances and circumstances herein enumerated, and *shall not be construed to repeal, supersede or limit any existing statute providing other methods for school district consolidation and annexation.*"

Article XII, the repealing clause of Senate Bill 116, repeals only those laws which are in conflict with the Act. We do not construe Article VIII as providing the exclusive manner by which a dormant district may be consolidated with an adjoining district. Article VIII expressly authorizes and requires that a dormant district must be consolidated with an adjoining district, or districts, but it is expressly provided in said Act that the consolidation procedure prescribed therein "*shall not be construed to repeal, supersede or limit any existing statute providing other methods for school district consolidation and annexation.*"

Article 2806 was an existing statute providing another method of school district consolidation. Moran and Eureka districts acted under this Article in holding the election of August 27, 1949. We are of the opinion that said Article 2806 was in full force and effect on said date and that it was not limited or repealed by Senate Bill 116.

The election held by said districts was prior to the passage by the County Board of Stephens County of its order of consolidation of Breckenridge and Eureka. Therefore, the trial court did not err in giving effect to said election and in declaring that Moran and Eureka districts were properly consolidated with each other.

The judgment of the trial court is affirmed.