Town of Greenfield, Appellant, vs. City of Milwaukee, Respondent: City of West Allis, Interpleaded Defendant. [Two cases.]*

*March 8—April 3, 1951.*

* Motion for rehearing denied, with $25 costs, on June 15, 1951.

*J. Finn Grimes,* attorney, and *C. R. Dineen* and *Neal J. Gleason* of counsel, all of Milwaukee, for the appellant.

For the respondent there were briefs by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

A brief was filed by *Miller, Mack & Fairchild,* and *Lecher, Michael, Spohn, Best & Friedrich,* attorneys, and *Ronold A. Drechsler, J. Gilbert Hardgrove,* and *Thomas S. Stone* of counsel, all of Milwaukee, as *amici curiae.*

MARTIN, J. It is undisputed that the territories described in the respective petitions overlap, in that a certain area in the town of Greenfield was attempted to be annexed to both the city of West Allis and to the city of Milwaukee. It will be readily conceded that there cannot be two corporations or municipalities organized for similar purposes with coextensive powers of government extending over the same area.

*In re Incorporation of Village of St. Francis* (1932), 208 Wis. 431, 436, 243 N. W. 315.

Where two proceedings are begun about the same time and in good faith, whereby each attempts to annex the same area, the proceedings first instituted must have precedence. *In re Incorporation of Village of St. Francis, supra* (pp. 434, 436).

The movement to annex to the city of West Allis commenced on August 2, 1948, at which time notice of circulation of the petition for annexation was caused to be posted in eight public places within the town of Greenfield by the Sid Dwyer Building Corporation. A copy of said notice was published in a newspaper of general circulation in Milwaukee county on August 5, 1948. This was in compliance with sec. 62.07 (1) (a), Stats., the pertinent part of which provides:

". . . provided, that no petition for annexation shall be valid unless at least thirty days and not more than forty-five days before any such petition is caused to be circulated, a notice shall be posted in at least eight public places in the municipality in which the adjacent territory is located, and a copy of such notice published in a newspaper of general circulation within the county in which said adjacent territory is located, at least fifteen days prior to the time when such petition is caused to be circulated, such notice to set forth that an annexation petition is to be circulated, and including an accurate description of the territory involved."

The petition was filed with the common council of the city of West Allis on September 7, 1948. On November 3, 1948, said council adopted an ordinance annexing all of the territory described in the notice of circulation and in the petition filed with said city.

We have examined the record carefully and concur with the following excerpt from the trial court's decision:

"Despite the challenge that the proceedings of the city of West Allis are fatally defective in several particulars, this

court from its examination of the law cannot come to such conclusion."

The majority opinion of the court in *Mueller v. Milwaukee* (1949), 254 Wis. 625, 629–631, 37 N. W. (2d) 464, held that in proceedings for the annexation of territory to it, the city of Milwaukee is not required to comply with the provisions of sec. 62.07 (1) (a), Stats., for posting and publishing notices prior to circulation of petitions for annexation, but the city, without complying with such provisions, may proceed under authority of sec. 926—2, Stats. 1898, and other sections relating to cities of the first class under special charter, which were withdrawn from the statutes in 1921 but were continued in force as part of the session laws. Sec. 926—2 provides:

"Territory lying adjacent to any city so incorporated may be annexed to such city in the manner provided by sections 925—17 to 925—21, inclusive; provided, that the petition required by section 925—18 shall be sufficient for the purposes therein mentioned if signed by one half of the resident electors and the owners of one half of the real estate within the limits of the territory proposed to be annexed. Territory may also be detached from any such city in the manner prescribed by section 925—21a."

The petition was filed with the common council of the city of Milwaukee on August 30, 1948. On October 25, 1948, said council adopted an ordinance annexing all of the territory described in the petition filed with said city.

The issue here is which municipality has priority. The trial court found, as a matter of law, that the annexation to the city of Milwaukee was commenced by the filing of the petition on August 30, 1948; that the attempted annexation by the city of West Allis was commenced by the filing of the petition on September 7, 1948; that because the city of Milwaukee's jurisdiction was first invoked, that annexation had precedence and was declared valid in all respects. The

trial court relied on *Blooming Grove v. Madison* (1948), 253 Wis. 215, 220, 33 N. W. (2d) 312. It is stated therein:

"In the present proceeding the city obtained jurisdiction to act immediately upon the filing of the petition with the city clerk. No one questions the right of persons signing the petition to withdraw such signatures prior to the time of the introduction of the resolution. The introduction of the resolution did not give the city any greater jurisdiction than it had at the time the petitions were filed. Under the law the city is required to introduce a resolution of annexation and publish the same. No rights were acquired by anyone by the introduction of the resolution. This is merely a procedural step in annexation, the same as publishing and posting notices before circulating petitions. We see no more reason to hold that the right to withdraw a signature ends when the ordinance is introduced at the regular council meeting than there is to say no one can withdraw his signature after the petition has been filed with the clerk. The purpose of the introduction and publication of the ordinance is to advise those who are interested that the matter is before the common council for consideration. *Roehrborn v. Ladysmith* [(1921), 175 Wis. 394, 185 N. W. 170]. The mere introduction of a resolution does not mean it will be adopted. Whether it is in the interest of the city to adopt or reject the ordinance is a matter for the city council to determine according to its best judgment. No rights are acquired by anyone until the ordinance is finally adopted."

The city of Milwaukee relies upon the quotation from the *Blooming Grove Case* to the effect that the city obtains jurisdiction *to act* upon an annexation petition when it is filed with the city clerk, and that the introduction of the resolution of annexation is a procedural step, as is "publishing and posting notices before circulating petitions." However, that case involved the quantum of withdrawals of signatures from a petition after filing, and did not involve conflicting annexation proceedings.

It is true that neither the city of West Allis nor the city of Milwaukee obtained any right or any duty to act until

each petition was filed with the respective city clerk. Nor did the introduction of a resolution to each respective city council give either city any greater right or duty than it had at the time the petition was filed. There is no dispute as to which petition was filed first, nor as to which resolution was first introduced to which city council, nor as to which city council first adopted its annexation ordinance.

However, it is the contention of the city of West Allis that the proceedings to annex to that city were commenced on August 2, 1948, the date of the first procedural step required by statute, that is, posting of notice.

It is the institution of proceedings, not the assumption of jurisdiction by the annexing municipal body, which *In re Incorporation of Village of St. Francis, supra,* makes the crucial point at which one proceeding takes precedence over another. There were two conflicting petitions therein, one to annex part of the area to the city of Milwaukee and the other to create a village out of the area. The petition to annex to the city was filed before the village proceedings were commenced. It was said in that case (pp. 433, 434):

"If those who are attempting to direct the course of the two movements have in each instance met the statutory requirements in notice, application, survey, and other details of the proceedings required by law, *the movement first started has the right of way.*" (Italics ours.)

And at page 436:

". . . but the universal rule as gathered from the decisions with reference to a state of facts such as exists here is to the effect that *the proceedings first instituted have precedence.*" (Italics ours.)

Under sec. 62.07 (1) (a), Stats., the first required step is the posting of the annexation notices. If such posting is not done, the petition is invalid. *Wilson v. Sheboygan* (1939), 230 Wis. 483, 489, 283 N. W. 312. Under sec. 926—2, Stats. 1898, the first required step is the filing of the annexation petition. The city of Milwaukee contends

that since the first signature on its petition was appended thereto on June 29, 1948, that it has precedence. But it is the first public procedural step in the method of annexation prescribed that controls—in one, the posting of the notices; in the other, the filing of the petition. It is the doing of the first thing required by the statutes which marks the beginning of the proceedings. *Fort Worth v. State* (Tex. Civ. App. 1945), 186 S. W. (2d) 323, 328.

The city of Milwaukee has cited cases which are inapplicable because of the difference between the annexation statutes there involved and the Wisconsin statutes involved in the instant case.

It was stated in *Birmingham School Dist. v. School Dist.* (1947), 318 Mich. 363, 371, 28 N. W. (2d) 265:

"We consider that the controlling question in this case is, which district took the first necessary statutory step toward annexation. Both parties to the appeal agree that in a conflict of annexations, the taking of the first necessary statutory step establishes jurisdiction and priority. This principle of law is well settled in many jurisdictions." (Cases cited, including *People ex rel. Hawthorne v. Morrow* (1899), 181 Ill. 315, 54 N. E. 839, relied upon by the city of Milwaukee.)

The annexation proceedings of the city of West Allis under sec. 62.07 (1) (a), Stats., are valid, and were instituted by the posting of the notice (the first procedural step required by that statute) on August 2, 1948. The proceedings of the city of Milwaukee under sec. 926—2, Stats. 1898, are invalid and the ordinance is of no effect because the proceedings were instituted upon the filing of the petition (the first procedural step required by that statute) on August 30, 1948, which was subsequent to the posting of the notice.

Because of the result reached herein, any other questions raised by counsel in oral argument and briefs are not passed upon.

*By the Court.*—Judgments reversed and cause remanded to enter judgments in accordance with this opinion.