**HANDLEY et al. v. COKER,**
County Judge.
No. 4730.

Court of Civil Appeals of Texas.
Beaumont.

April 3, 1952.

Rehearing Denied April 30, 1952.

Rehearing Denied on Second Motion for Rehearing May 21, 1952.

Ross Hightower, M. M. Feagin, Livingston, J. Austin Barnes of Barnes & Barnes, Beaumont, for appellants.

Clem Fain, Livingston, for appellee.

WALKER, Justice.

The suit is for a mandamus against the County Judge of Polk County, requiring him to order an election in Hortense Common School District No. 9 of Polk County upon the question whether this district should be consolidated for school purposes with Chester Common School District No. 17 of Tyler County.

Plaintiffs, who are the appellants, alleged that they were resident voters of the Hortense District and had presented to the defendant a lawful petition for this election, which the defendant had wrongfully denied. They alleged further that a lawful petition for an election in the Chester District had also been presented to the County Judge of Tyler County and that he was willing to order this election whenever the defendant did so.

The defendant, among other matters, plead that he could not grant the plaintiffs' petition for the reason that the County Board of School Trustees of Polk County, *before* the plaintiffs presented their petition to him, had begun a proceeding to consolidate the Hortense District with other districts in Polk County.

The cause was tried before the court without a jury, and a judgment was rendered in behalf of the defendant denying the mandamus, one of the grounds being that the County Board of School Trustees had taken prior jurisdiction of the Hortense District, as the defendant had alleged. From this judgment the plaintiffs have appealed.

The following statement is based on the trial court's findings of fact:

1. Hortense Common School District No. 9, situated wholly in Polk County, is contiguous to Chester Common School District No. 17, situated wholly in Tyler County.

2. Hortense District is also contiguous to Leggett Independent School District but is not contiguous to Corrigan Independent School District. The Leggett and Corrigan Districts are wholly in Polk County.

3. On June 24, 1949, the Hortense District was a dormant school district within the meaning of Art. VIII, Acts of 1949, 51st Legislature, page 625, now codified as Art. 2922–18, Vernon's Ann.Civ.St. The trial court's 12th finding of fact reads in part: "I find that the County School Board of Polk County, Texas, met on June 24th, 1949, when, as recited by the Minutes of said Board 'The next business of the County School Board was to consolidate dormant school districts within the County as permitted and required under the provisions of Article VIII, Senate Bill 116, Acts of the 51st Legislature. As defined in said bill, Hortense Common School District #9 was a dormant district. Representatives of the Hortense Common School #9 were present, or had indicated their wish that the Hortense District be divided and the sectional parts be consolidated to Leggett Independent School District of Polk County and Chester Common School District #17 of Tyler County. A discussion of their request followed. A motion was made by Carl Bergman and seconded by Lewis Sory, and carried by unanimous vote, that no territory within Polk County be consolidated to any district or districts out of Polk County. It was then ordered that Hortense Common School District #9 be consolidated with the Corrigan Independent School District of Polk County and the Leggett Independent School District of Polk County. The County School Board requested that Mr. Floyd Manry, superintendent of the Corrigan Independent School District and Mr. Sherman Laird, superintendent of the Leggett Independent School District, cooperate with the patrons of the Hortense School District in dividing said territory and to present field notes designating divided territory to the County School Board at its next meeting.

" 'The County School Board instructed that field notes describing metes and bounds of each new created school district be written into the minutes of the meeting of the County School Board and be kept as a permanent record of same.

" 'A motion was made and duly seconded and passed by unanimous vote that the School Board adjourn and meet again Friday, July 1, 1949.' "

4. The next meeting of the County Board of School Trustees of Polk County did not occur until July 1, 1949. In the meantime, to-wit, on June 29th, the plaintiffs presented to the defendant their petition for an election in Hortense District upon the question whether Hortense District should be consolidated with the Chester District; and on the same day a petition was presented to the County Judge of Tyler County for a corresponding election in the Chester District. These petitions were legally sufficient to require the two county judges, under Art. 2806, R.C.S., as amended, Vernon's Ann.Civ.St. art. 2806, to order this election unless they had been deprived of jurisdiction to act by the earlier proceeding of the County Board of School Trustees of Polk County. The County Judge of Polk County, that is, the defendant, denied the petition presented to him. The County Judge of Tyler County was willing to grant the petition presented to him if defendant took similar action on the plaintiffs' petition.

5. We infer that the defendant denied the plaintiffs' petition before the County Board of School Trustees next met, and as we have stated, the Board's next meeting was on July 1, 1949. The trial court's 12th finding of fact reads in part: "That 'The County School Board of Polk County met July 1, 1949. The Minutes of the previous meeting were read and approved as read. After the County School Board was informed that the Corrigan Independent School District of Polk County and the Hortense Common School District #9 of Polk County were not contiguous districts, which was required, a motion was made by Jim Freeman and seconded by Carl Bergman that the Hortense Common School District #9 of Polk County, Texas be consolidated with Leggett Independent School District of Polk County, Texas. This motion received a vote of three (3) Yes and one (1) No.' "

" 'A motion was made by Carl Bergman and seconded by Lewis Sory and carried by unanimous vote that all moneys credited to the accounts of the Hortense Common School District #9 be transferred to the accounts of the Leggett Independent School District of Polk County, Texas when the proper field notes, giving metes and bounds of the Leggett Independent School District after consolidation, were filed with the County Superintendent.' "

## Opinion

■ A. It is held that Art. 2806 was not repealed by Art. 2922–18. Breckenridge Independent School District v. Moran Independent School District, Tex.Civ.App., 228 S.W.2d 189. Therefore the County Board of School Trustees and the County Judge of Polk County were coordinate authorities of that county for the consolidation of Hortense District with other districts, within the meaning of the rule of decision stated in State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; and whether the defendant should have ordered or refused to order the election prayed for by plaintiffs depends (at least in the first instance) on whether a proceeding for the consolidation of the Hortense District had been instituted by the County School Board before the plaintiffs filed their petition.

■ B. In City of Fort Worth v. State ex rel. Ridglea Village, 186 S.W.2d 323, at page 328, the Court of Civil Appeals said: "The doing of the first thing required by the statutes marks the beginning of the proceedings."

This rule has been applied in: London Independent School District v. Thomerson, Tex.Civ.App., 223 S.W.2d 314; and in: School District of City of Birmingham v. School No. 2, 318 Mich. 363, 28 N.W.2d 265; Town of Greenfield v. City of Milwaukee, 259 Wis. 77, 47 N.W.2d 292.

For other decisions giving effect to a prior assumption of jurisdiction by an agency of government which is not a court, see: Lynn County School Board v. Garlynn Common County Line School District, Tex. Civ.App., 118 S.W.2d 1070; Wichita Common School District No. 11 v. Dickens Independent School District, Tex.Civ.App., 206 S.W.2d 885; Garrett v. Unity Common School District, Tex.Civ.App., 211 S.W.2d 238; State ex rel. Binz v. City of San Antonio, Tex.Civ.App., 147 S.W.2d 551; City of El Paso v. State ex rel. Town of Ascarate, Tex.Civ.App., 209 S.W.2d 989;

Beyer v. Templeton, 147 Tex. 94, 212 S.W. 2d 134, 135; City of Terrell Wells v. City of San Antonio, Tex.Civ.App., 216 S.W.2d 657; Anderson v. Hancock County Board, 137 Ohio St. 578, 31 N.E.2d 850. Also, see: West End Rural High School District v. Columbus Consolidated Independent School District, 148 Tex. 153, 221 S.W.2d 777.

The rule which we have quoted from City of Forth Worth v. State ex rel. Ridglea Village is not necessarily a limitation upon the rule declared in State ex rel. George v. Baker, protecting a prior assumption of jurisdiction. The rule quoted from City of Fort Worth v. State ex rel. Ridglea Village was declared, and has been applied in cases where the facts made this rule appropriate, that is, where statutes or a charter prescribed a definite course of procedure to be followed, and it need not, therefore, be given the effect of precluding an application of the rule declared in State ex rel. George v. Baker to the case where no statute prescribes a procedure for the exercise of a power. The court said in State ex rel. George v. Baker [120 Tex. 307, 40 S.W.2d 42]: " * * * the right of the people to vote on incorporation, having been *first lawfully invoked* * * *," and similar language is used in others of the decisions cited above. This language suggests that where a power has actually been brought into exercise and use, the time when this first occurred could be regarded as the time when jurisdiction to exercise the power was first assumed, even though no statute prescribed a procedure for the use of this power.

C. The significant parts of Art. 2922–18 are the following: "Within thirty (30) days from the effective date of this Act, the County Board of Trustees of the several counties of the State are hereby authorized and required to consolidate by order of said Board each dormant school district within the county * * * with an adjoining district or districts. * * * In each such case, the consolidation order of the County Board of Trustees shall define by legal boundary description the territory of the new district as so enlarged and extended, and said order, including the de-

scription of the district, shall be recorded in the minutes of the County Board of Trustees and otherwise as provided by law."

This statute does not describe a procedure for the exercise of the Board's power to consolidate. It mentions only the final order of the Board; but a procedure of some sort is necessarily implied, for the Board is obviously given a discretion and their exercise of this discretion depends on certain facts. For instance, they have to determine that the districts consolidated actually adjoin, and if the dormant district is consolidated with more than one district, they must determine the field notes of the parts into which the dormant district is to be divided. Further, they must ascertain the field notes of the new district formed by the consolidation.

These comments suggest another matter. It is apparent that the Board cannot exercise the power to consolidate dormant districts given them by Art. 2922–18 without making an investigation which will take some time, (the proceedings by the County Board of Polk County show this very plainly) and that if they cannot seize exclusive jurisdiction of a dormant district at a time before their final order they may be interfered with by proceedings started under Art. 2806 like those which the plaintiffs began. This interference might even seriously limit the Board's use of the power to consolidate dormant districts.

Yet the parts of Art. 2922–18 quoted above show that the legislature intended the Board to use the power of consolidation and that they expected the Board to be at least the primary instrument in consolidating dormant districts with other districts. For this statute states not only that the Board is *authorized* to consolidate; it also states that the Board is *required* to do so—and that within thirty (30) days from the effective date of the act.

Indeed, unless the County Board of School Trustees can take jurisdiction of a dormant district at a time before their final order of consolidation, the rule giving effect to priority in assumption of jurisdiction declared in State ex rel. George v. Baker cannot be applied to the Board's ex-

ercise of the power given them by Art. 2922–18.

It seems to us that the intention of the legislature as expressed in Art. 2922–18 cannot be accomplished, and that the Board's effective use of the power given them to consolidate dormant districts with others cannot be assured, unless the rule giving effect to priority in jurisdiction is applied to the Board's exercise of their power to consolidate under Art. 2922–18. The circumstances therefore justify an application of the rule suggested by the quotation from State ex rel. George v. Baker, and we make the following holdings: First, that the County Board of School Trustees can take jurisdiction of the consolidation of a dormant district with another district or other districts at a time before the Board makes its final order of consolidation; second, that the Board accomplishes this seizure of jurisdiction by an act which brings into exercise its power of consolidation; and third, that the order passed on June 24th by the County Board of School Trustees of Polk County did bring into exercise and use their power of consolidation and thereby accomplished an assumption of jurisdiction by the Board to complete the proceeding thus begun.

D. Plaintiffs argue that the order of June 24th did not vest sole jurisdiction in the County Board of School Trustees of Polk County because, they say, it was void; and they say that it was void because it violated Art. 2922–18 by directing that a part of Hortense District be consolidated with another district which did not adjoin Hortense District. The order directed a consolidation of a part of the Hortense District with the Leggett District and of another part of the Hortense District with the Corrigan District, and the Corrigan District did not adjoin the Hortense District.

The argument is overruled on two grounds supported by the facts before us, (beyond which, of course, we do not intend to go) because of the nature of the County Board's power, and second, because the County Board's later order of July 1st, which consolidated the Hortense District with the Leggett District, did not wholly depart from the proceeding begun by their first order. The County Board, as we have stated, was given a discretionary power by Art. 2922–18. Their act is sua sponte, not by virtue of any petition or request but of their own will, and their decision depends upon facts found ultimately by themselves. They must necessarily have the power to amend their plan as the facts unroll before them. The order of July 1, directing the consolidation of the Hortense District with the Leggett District may be regarded as only an amendment of the County Board's original plan for the consolidation of the Hortense District with other districts; the Board mistakenly thought that the Hortense District adjoined the Corrigan District and corrected their mistake when they discovered it. State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762, page 772 (Hn. 7), by the Supreme Court of Missouri.

E. Plaintiffs also say that the order of June 24th was void because it delegated to third persons the power to divide the Hortense District. We do not so construe the order. The persons named were to provide the County Board with information; they were not authorized to do anything else.

These comments adjudicate the material points of error and arguments of the plaintiffs. The judgment of the trial court is affirmed.

### Opinion on Motion for Rehearing

PER CURIAM.

We realize that the County Board did not have authority to consolidate Hortense District with a noncontiguous district; but this does not necessarily make the County Board's first proceeding void for all purposes. The first proceeding before the County Board might still be regarded as a valid assumption of jurisdiction if the County Board be allowed, under the particular statute which gave them the power they were using, to amend their orders and their course of action according to facts discovered by them while they were attempting, in good faith, to exercise this

power and formulate a final order. We think they ought to be allowed this power of amendment under this particular statute for reasons stated in our opinion; and we might add this, that the County Board's business is not simple and that the members might well mistakenly assume that districts were contiguous which actually were not. The minutes of the County Board's second meeting show that such a mistake happened in this case. Thus the minutes of the Board's meeting on July 1st (the second meeting) state: "After the County School Board was *informed* that the Corrigan District and the Hortense District were not contiguous districts * * *." Why deprive the County Board of the power to correct this error? Instead of restricting the County Board's power as the plaintiff's argument necessarily would do, why not allow room for the Board's discretion? The breadth of this discretion is apparent from Article 2922–18; the Board acts sua sponte and furthermore it determines its own procedure. Plaintiff's argument that the first proceeding before the Board was void for all purposes ignores the broad discretion given the County Board, puts an unnecessary limitation upon a useful power, enables critics to interrupt a bona fide effort of the County Board to perform a duty enjoined (not merely given but enjoined) upon them by the legislature, and is inconsistent with the purpose expressed in Article 2922–18. None of the decisions cited by the plaintiff states any rule to the contrary; each involved a different sort of power and a different kind of situation. The power to order an election, pursuant to a petition or without a petition, is not comparable to the power given the County Board under Article 2922–18. The parties should bear in mind that the County Board can adjust the affairs of these dormant districts as fairly and as efficiently as can any other person. See the remarks of the Supreme Court of the United States regarding State Courts in Missouri Pac. R.R. Co. v. Fitzgerald, 160 U.S. 556, 16 S. Ct. 389, 40 L.Ed. 536, at page 543. We adhere to the opinion that the first proceeding before ·the County Board manifested in good faith an intention to use the power to consolidate Hortense District with some contiguous district and that under the circumstances of this case it brought that power into use and exercise and gave the County Board prior jurisdiction of the consolidation of Hortense District with some contiguous district or districts. The County Board's manifest intent was to deal with the dormant Hortense District, as directed by statute, and once it initiated that program of action, it acquired prior jurisdiction of all attempts and efforts to care for the situation in which the Hortense District was found. If its first step was inept and misdirected, it had the power to amend and correct its purpose, and when it did make an order consolidating Hortense with what was actually a contiguous district, such was a valid order.