**CITY OF LINCOLNSHIRE et al.,**
Appellants,

v.

**HIGHBAUGH REALTY COMPANY et al.,**
Appellees.

Court of Appeals of Kentucky.

March 4, 1955.

Rehearing Denied May 20, 1955.

Wilbur Fields, Louisville, for appellants.

L. Leroy Highbaugh, Louisville, for Highbaugh Realty Co.

S. M. Russell, Louisville, and Herman E. Frick, Louisville, for City of Louisville.

MILLIKEN, Justice.

Acting contemporaneously, the City of Louisville and the City of Lincolnshire each attempted to annex property of the Highbaugh Realty Company, and the Company filed a declaratory judgment action to determine in which municipality it belongs. The chancellor concluded that the property was properly annexed by Louisville, and the City of Lincolnshire has appealed.

Stripped of procedural and collateral details, the facts essential to decision are comparatively simple. On September 22, 1953, the City of Louisville, by Ordinance No. 299, proposed to annex specific property in the neighborhood of the southwest corner of Browns Lane and the Inner Belt Highway. Six days later, on September 28, 1953, judgment was entered making Lincolnshire a sixth class city. On October 6 following, the Board of Trustees of Lincolnshire proposed to annex some territory, and on October 10 enacted their Ordinance No. 3 proposing to annex approximately 16 acres of the territory which the City of Louisville intended to annex. On October 16 Louisville's Board of Aldermen passed Ordinance No. 299 and ordered it advertised. However, on November 10 the Board of Trustees of Lincolnshire enacted Ordinance No. 11 annexing the said 16 acres to the City of Lincolnshire. Nearly a month later, on December 8, Louisville adopted Ordinance No. 376 annexing the territory defined in Ordinance No. 299, and this ordinance was formally signed by the mayor on December 23. On December 30 the Highbaugh Realty Company filed its complaint for a declaration of rights.

As between the two annexing municipalities, should the introduction of an ordinance proposing to annex or the enactment of an annexation ordinance give priority to a municipality? It is contended by the appellants that neither party has actually annexed the territory until all procedural steps toward that end have been taken, and, as a consequence, the municipality which gets there "firstest with the mostest" should be the victor. But the true rule to apply appears to be to the contrary. It seems to be the general rule that in the case of rivalry between two annexing municipalities the one that takes the first "public" procedural step takes priority. As stated by the Supreme Court of Wisconsin in Town of Greenfield v. City of Milwaukee, 259 Wis. 77, 47 N.W.2d 292, 295: " 'If those who are attempting to direct the course of two movements have in each instance met the statutory requirements in notice, application, survey, and other details of the proceedings, the movement first started has the right of way * * * but the universal rule as gathered from the decisions with reference to a state of facts such as exists here is to the effect that the proceedings first instituted have precedence.' "

This viewpoint was adopted in Missouri in State ex inf. Goodman ex. rel. Crewdson v. Smith, 331 Mo. 211, 53 S.W.2d 271, 273, where it was said: " 'It is a clear principle of jurisprudence, that when there exist two tribunals possessing concurrent and complete jurisdiction of a subject matter, the jurisdiction becomes exclusive in the one before which proceedings were first instituted, and it thus acquires jurisdiction of

the subject. * * * Where under different statutes, vesting jurisdiction in different persons or authorities, the same territory is subject either to formation into a new municipality or to annexation to an existing municipality, the jurisdiction first invoked becomes exclusive.'" In Pfeiffer v. City of Louisville (Town of Aberdeen Village v. City of Louisville), Ky., 240 S.W. 2d 560, this court applied the principle when we held that Louisville's proposal to annex territory could not be vitiated by incorporation of the territory before Louisville's annexation proceedings were completed.

The appellants question the manner in which Ordinance No. 299 was introduced at the meeting of the Board of Aldermen on September 22, 1953. The ordinance was introduced in the same manner as all other ordinances recommended by departments of the City government to the Board of Aldermen. There are other objections made by the appellants which we do not find meritorious and which we will not extend this opinion to discuss.

Although Lincolnshire was the first to complete its annexation procedure, Louisville was the first to initiate it, and, consequently, took the first "public" procedural step taken by either municipality. As a result, we are in accordance with the chancellor and so affirm his judgment that the property is annexed by Louisville and not by Lincolnshire.