123 N.W.2d 331 (1963)
TOWN OF CLIVE, Iowa, Appellee,
v.
Clark A. COLBY et al., Appellant, City of Windsor Heights, Iowa, Intervenor-Appellant.
No. 50764.
Supreme Court of Iowa.
September 17, 1963.
Herrick, Langdon, Sandblom & Belin, Des Moines, for appellant.
Joseph M. Coppola and Volney Diltz, Des Moines, for appellee.
Emmert, Lindgren, Eller & Miller, and John J. Yeager, Des Moines, for intervenor-appellant.
STUART, Justice.
In their respective petitions for rehearing plaintiff, defendant and intervenor all agree the holdings in the original opinion should be extended to include a determination of the status of the 100% application for annexation to Windsor Heights. Although the parties were not particularly helpful in supplying authorities, we agree that it is for the best interest of all concerned that this question be resolved at this time. We therefore supplement the opinion filed April 9, 1963 by adding the following division.
III. On March 14, 1960, while the instant case was pending, 100% of the residents of the annexation territory filed an application for voluntary annexation of the territory to the City of Windsor Heights which was assented to by resolution of the Town Council of Windsor Heights as provided in section 362.30 Code of Iowa, I.C.A. Windsor Heights intervened in the present action claiming Clive had not met the statutory requirements because it was not capable of extending substantial services into the territory and that it had an interest in the subject matter by virtue of the voluntary annexation proceedings. In ruling upon points of law, the trial court dismissed the petition of intervention on the grounds that Clive acquired exclusive jurisdiction of the territory by the resolution of May 9, 1958 and had the right to pursue this action to its final determination.
This holding is based upon prior decisions of this court. We said in State ex rel. Mercer v. Town of Crestwood (1957), 248 Iowa 627, 632, 80 N.W.2d 489, 81 N.W. 2d 452: "All parties agree as to the legal principle that in a conflict between annexation and incorporation the proceeding first instituted has precedence. (Citations) * * * The great weight of authority in *332 other states is that annexation proceedings and incorporation proceedings are legislative in character and the entity taking the first step has exclusive jurisdiction to complete its procedure. (Citations)." We reaffirm these statements. However, the instant case demands consideration of an additional factor not previously considered by this court.
In all prior Iowa cases the party who took first action apparently pursued its course to a successful conclusion. In the instant case we have held that Clive failed to make an affirmative showing of any capability to furnish substantial services or benefits. It therefore failed to meet the statutory requirements. It was permitted to pursue the regular procedure to conclusion without interference. The conclusion was adverse. This is the first case in which we have been called upon to decide whether compliance with the statute is essential to the exclusive jurisdiction referred to in the foregoing authorities.
Clive claims the jurisdiction is exclusive until the final decree and that all action taken between the first step and the final decree is void and of no effect. Windsor Heights claims that compliance with the statute is jurisdictional and a failure to comply with the statute renders the proceedings void ab initio, and therefore the 100% application is the first legal proceeding.
We can determine this matter as all interested parties are before us. Clive does not claim the proceedings for the 100% application for annexation to Windsor Heights are defective but depends solely upon exclusive jurisdiction being in Clive.
Section 362.26 Code of Iowa, I.C.A. sets forth the annexation procedure instituted by Clive. It provides the petition shall contain "a statement of facts showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits * * *" and that if an affirmative showing is made of such capability the court shall decree annexation.
Therefore an affirmative showing is one of the statutory requirements and failure to make such showing is just as much a failure to comply with the statute as failure to properly publish notice or properly conduct the election. Surely it would not be claimed that these defects in the procedure would grant exclusive jurisdiction between the first step and the decision of the court. There would have been no jurisdiction from the beginning and the defective proceedings would have been no bar to subsequent action affecting this particular territory. We see no difference in the failure to make an affirmative showing of the required capabilities. Authorities examined on this proposition support our position.
In the case of Lorimor v. Town of Lorimor, 196 Iowa 774, 776, 195 N.W. 199, 200, we said the proceedings for severance of land from an incorporated town "being wholly statutory, the requirements, in order to confer jurisdiction either of the subject matter or of the persons, must be complied with. Estrem v. Town of Slater, 181 Iowa 920, 165 N.W. 263." (Emphasis supplied)
An affirmative showing of capability of extending services is a statutory requirement and failure to meet this requirement, as well as any other provision of the statute, results in a failure to acquire jurisdiction.
The Wisconsin Supreme Court in In re Incorporation of Brown Deer, 267 Wis. 481, 66 N.W.2d 333, in holding Milwaukee, which had first instituted annexation proceedings, lost exclusive jurisdiction by failing to proceed within a reasonable time, said:
"[T]he posting of the annexation notices on December 30, 1952, was no bar to the proceedings for incorporation in view of the record presented."
It refused to consider the action of Milwaukee, the first to proceed, a bar to other *333 proceedings in the interim between the first action and the decree holding exclusive jurisdiction had been lost.
State ex rel. Village of Orono v. Village of Long Lake (1956), 247 Minn. 264, 77 N.W.2d 46 is directly in point. Quo warranto proceedings were instituted challenging the validity of a purported annexation by Long Lake. Long Lake commenced proceedings September 24, 1954. Orono commenced incorporation proceedings October 7, 1954. The court recognized the rule "that the municipal authority which first institutes valid proceedings under the power granted by the statutes has the exclusive jurisdiction over the area in question."
However Orono contended "the Long Lake proceedings for annexation were not validly commenced and performed and that therefore even though they were commenced prior in time to the incorporation proceedings they do not have the exclusive jurisdiction over the lands in question". This is the contention made by Windsor Heights.
The Minnesota court held an amendment eliminating some of the land after signature rendered the petition void saying:
"It is therefore our opinion that this petition was ineffective and void and consequently that Long Lake Ordinance No. 45 passed pursuant to the petition is also void. This determination means that the petition for incorporation and the subsequent election have priority and jurisdiction over the lands included within Ordinance No. 45." (Emphasis supplied)
The majority rule is set forth in 2 McQuillan, Municipal Corporations (3 ed.) § 7.22 as follows:
"A proceeding for the annexation of territory of a contiguous municipal corporation is ineffectual when instituted after the institution of a proceeding for the organization of the territory into a village or city, and while such proceeding is pending and undetermined. However, annexation proceedings are not precluded where the pending incorporation proceedings do not comply with the statute, or are otherwise insufficient to deprive the annexing city of jurisdiction or authority to acquire the territory involved." (Emphasis added)
This principle is in accord with the public interest. We have stated herein that a city should not be permitted to tie up contiguous property by initiating annexation proceedings at a time when it cannot meet the statutory requirements in order to gain time to build up its capabilities. The capabilities are to be determined on the conditions that exist when annexation proceedings are initiated and they are to be conducted with reasonable dispatch. These principles would be circumvented if we were to hold the initiating party had exclusive jurisdiction until a decree finding the statutory requirements were not met.
Five years have passed since Clive first instituted proceedings in this case. Although we found it unnecessary to decide whether it lost exclusive jurisdiction by reason of the delay, it offers a graphic example of the problem created if exclusive jurisdiction were conferred upon the first party to act until a final decision was reached. It would still be an unincorporated area, offered as a prize to the winner of another "race to the courthouse". One such race is enough. A winner who has been disqualified by a decision of this court is not entitled to a fresh start. The race goes to the party which instituted the first valid proceeding and complied with the statute.
As Clive failed to meet the requirements of section 362.26 Code of Iowa, I.C.A. the proceedings were not valid or effective. It failed to acquire exclusive jurisdiction over the disputed territory. The application for voluntary annexation and its subsequent approval by the Town Council of Windsor Heights had priority and jurisdiction over the disputed territory and we decree that said territory has been in and a part of the municipal corporation of Windsor Heights from and after the date of March 14, 1960.
*334 Except as herein provided, the petitions of all parties for rehearing are hereby overruled.
All Justices concur except MOORE, J., who takes no part.