165 So.2d 768 (1964)
The CITY OF DAYTONA BEACH, a municipal corporation of Florida, Appellant,
v.
The CITY OF PORT ORANGE, a municipal corporation of Florida, Appellee.
No. E-431.
District Court of Appeal of Florida. First District.
June 30, 1964.
*769 Charles W. Luther, City Atty., and Melvin Orfinger, Asst. City Atty., for appellant.
E.W. Gautier, City Atty., for appellee.
STURGIS, Chief Judge.
There was a race between the cities of Daytona Beach and Port Orange, in Volusia County, Florida, to annex certain territory. Both went through the formality of adopting ordinances providing for annexation, but when all was said and done neither knew who lawfully won the race. Daytona Beach then asked the circuit court to declare it the winner, and Port Orange by its answer contended it was the winner. The chancellor held in favor of Port Orange, hence this appeal.
By special law, Chapter 30694, Laws of Florida, Acts of 1955, as amended by Chapter 59-1204, Acts of 1959, the city of Daytona Beach is authorized to annex contiguous unincorporated property by petition of a majority of the qualified electors residing in the territory to be integrated into and made a part of the city who are registered freeholders on the Volusia County registration records. The act requires the petition to be filed with the city clerk who is directed to deliver the same within five *770 days therefrom to the Supervisor of Registration of Volusia County, who shall check the names of petitioners and within thirty days certify whether the signatures on such petition are genuine and whether the petitioners whose names appear thereon are qualified in all respects under said act to sign the petition. It is then provided as follows:
"The petition or petitions meeting the requirements of this act shall thereupon be presented to the City Commission of the City of Daytona Beach, at its next regular meeting, together with the aforesaid certificate of the Supervisor of Registration, and a certificate from the City Engineer, or in the absence of a City Engineer, from any engineer or surveyor qualified to so certify, showing a sufficient legal description of the area to be annexed."
It is implicit under the act that when the petition has been acted upon by the Supervisor of Registration it is to be returned to the city clerk for further processing as above.
Chapter 61-2715, Laws of Florida, Acts of 1961, provides an identical method for the annexation of territory by the City of Port Orange.
The parties have stipulated that the regular meetings of the Daytona Beach City Commission are on the first and third Wednesdays (March 7 and 21, 1962), and of the City Council of Port Orange on the second Tuesday of each month (March 13, 1962).
It is undisputed that the Port Orange petition was initiated prior to March 7, 1962, a regular meeting date of the Daytona Beach City Commission; that the Daytona Beach petition was not presented to its commission on that date; that the regular March 7, 1962, meeting of the Daytona Beach commission was adjourned to the following day, March 8, and on that date was further adjourned to March 9, 1962, on which date the petition was received and an ordinance adopted by the Daytona Beach commission purporting to annex the territory in dispute. The Port Orange petition was presented to the regular meeting of its City Council on March 13, 1962, and at that meeting it adopted an ordinance annexing the disputed territory.
The chancellor found:
1. That the Port Orange petition was initiated prior to the Daytona Beach petition.
2. That the Port Orange clerk received its petition before the Daytona Beach clerk received the Daytona Beach petition.
3. That the Port Orange petition was received by the Supervisor of Registration of Volusia County prior to receipt of the Daytona Beach petition.
4. That the next regular meeting of the Port Orange City Council after certification of its petition was March 13, 1962, and the next regular meeting of the Daytona Beach City Commission after certification of its petition was March 21, 1962.
5. That the special acts under which the parties proceeded require an annexation petition to be presented at the next regular meeting after the same is filed with the city clerk.
6. That an adjourned meeting of a City Commission is not a regular meeting within the meaning of said acts.
7. That Port Orange was the first city to lawfully adopt an ordinance annexing the subject territory, that its subject ordinance No. 1:02 was lawfully adopted and is valid, and that the subject ordinance No. 62-41 of Daytona Beach is invalid.
An efficient purpose must be ascribed, if possible, to all provisions of statutory law. Residents of a municipality and of the area to be annexed have an interest in the annexation procedures. They are presumed to know the time and place of the regular meetings of the governing *771 body of the municipality but this presumption does not extend to adjourned meetings. The obvious purpose of the provision requiring a petition for annexation to be presented at a regular meeting is to afford interested parties an opportunity to examine the same for the purpose of independently inquiring into its regularity in all respects and thereby minimize the possibility of fraud, mistake, or misrepresentation. It is apparent from the enabling acts that it was the legislative intent that the governing body of the municipality should receive such petition for annexation from its city clerk at the regular meeting following the return thereof to the city clerk after examination and certification by the Supervisor of Registration.
An annexation petition presented at an adjourned meeting of the commission is incompetent to serve as the basis for an annexation resolution adopted at such meeting. The chancellor correctly held that the ordinance adopted by the city of Daytona Beach is invalid and that the ordinance adopted by the city of Port Orange lawfully annexed the subject property.
The doctrine of "prior jurisdiction" also supports the decree appealed. Where two inconsistent petitions involving the same territory are pending, it is proper to decline to consider the later one until there is a disposition of the earlier one. It is held that where a petition for incorporation of territory into a new municipality was filed and pending before the institution of annexation proceedings involving the same territory, such annexation proceedings may not be taken until disposition of the proceedings seeking incorporation. Conversely, annexation proceedings may not be defeated by the subsequent institution of proceedings to incorporate the territory involved into a new municipality. The same principle governs priority of annexation privileges between existing municipalities attempting to annex the same territory. See State ex rel. Industrial Properties v. Weinstein, 306 S.W.2d 634 (Mo. App.); Walker Reorganized School Dist. R-4 v. Flint, 303 S.W.2d 200 (Mo. App.); City of Goose Creek v. City of Pelly, 197 S.W.2d 152 (Tex.Civ.App.); State ex rel. Binz v. City of San Antonio, 147 S.W.2d 551 (Tex. Civ.App.); Village of Brown Deer v. City of Milwaukee, 274 Wis. 50, 79 N.W.2d 340; Town of Greenfield v. City of Milwaukee, 259 Wis. 77, 47 N.W.2d 292; Johnson v. City of San Pablo, 132 Cal. App.2d 447, 283 P.2d 57; Colquhoun v. City of Tucson, 55 Ariz. 451, 103 P.2d 269.
Affirmed.
WIGGINTON and RAWLS, JJ., concur.