TOWN OF HUDSON v. (69 CVS 448) CITY OF LENOIR
— AND —
ATLANTIC INVESTMENT COMPANY, INC., CONSOLIDATED FUR-
NITURE INDUSTRIES, INC., HICKORY FIBRE COMPANY, INC.,
JOYCETON WATER WORKS, INC., KINCAID FURNITURE COM-
PANY, INCORPORATED, LENOIR MIRROR COMPANY, PREST-
WOOD HARDWARE CO., INC., ROBINSON-WALSH LUMBER
COMPANY, INC., TRIPLETT CARVING, INC., U. S. INDUS-
TRIES, INC., HAMMARY FURNITURE DIVISION v. (69 CVS 1041)
TOWN OF HUDSON, a Municipal Corporation and CITY OF
LENOIR, a Municipal Corporation

No. 104

(Filed 10 June 1971)

1. Municipal Corporations § 2— annexation proceedings by two munici-
palities — claims to disputed area — prior jurisdiction rule

Municipality which instituted its original proceeding for the in-
voluntary annexation of an industrial area prior to the date on which
another municipality instituted its original proceeding for the volun-
tary annexation of the same area, *held* not entitled to rely on the prior
jurisdiction rule in support of its claim to the disputed area, since
(1) both municipalities began anew their respective annexation pro-
ceedings on the same day following the dissolution of restraining orders
against them both and (2) the two annexations—voluntary and involun-
tary—were not "equivalent" within the meaning of the prior jurisdic-
tion rule. G.S. 160-452; G.S. 160-453.1 *et seq.*

---

Town of Hudson v. City of Lenoir

---

**2. Municipal Corporations § 8— municipal resolutions**

    A municipal resolution, like an ordinance, is presumed prospective.

**3. Statutes § 5— construction of literal language**

    The literal language of a statute will be interpreted to avoid an absurd result.

**4. Municipal Corporations § 2— remand of annexation proceedings**

    Trial court was not required to remand annexation proceedings to a municipality for correction of procedural irregularities, where the land subject to annexation was to become a part of another municipality before the first municipality could make the corrections.

APPEAL by the Town of Hudson from *Thornburg, S.J.,* 12 October 1970 Civil Session, CALDWELL Superior Court.

Atlantic Investment Company, Inc., *et al.,* own an industrial area known as Joyceton, located between the Town of Hudson and the City of Lenoir in Caldwell County. These actions arise from conflicting annexation proceedings instituted by the Town of Hudson and the City of Lenoir, each seeking to annex the Joyceton industrial area.

The Town of Hudson is a municipal corporation having a population considerably less than 5,000. It sought to annex the Joyceton area by the involuntary method of annexation prescribed by G.S. 160-453.1 *et seq.* for municipalities of less than 5,000 population.

The City of Lenoir is a municipal corporation with a population considerably in excess of 5,000. Petitions for annexation, signed by the owners of all the real property located in the Joyceton area, were presented to the governing board of Lenoir, and it followed the annexation procedures set out in G.S. 160-452.

The chronology of events are narrated in the following numbered paragraphs:

1. On 4 April 1969 the Town of Hudson adopted a resolution stating its intent to consider annexation of a territory larger than, but including, the Joyceton area. Notice of this resolution was published in the Lenoir *News Topic* on April 11 and 18, 1969, together with notice of a public hearing to be held on 7 May 1969.

2. On 16 and 21 April 1969 petitions for annexation were received by the City of Lenoir from each of the owners of real property in the Joyceton area, and on 22 April 1969 the city clerk certified that the petitions were sufficient. The Lenoir City Council then ordered a public hearing for 9 a.m. on 3 May 1969, and notice thereof was duly published.

3. On 29 April 1969 the Town of Hudson commenced an action against the City of Lenoir (69 CVS 448) for temporary and permanent injunctive relief, alleging unlawful, arbitrary, and capricious conduct by the City of Lenoir. In its answer, Lenoir denied the material allegations of the complaint, sought dismissal of the action and, in the alternative, prayed that Hudson be temporarily restrained from continuing its annexation proceeding.

4. On 30 April 1969 Judge Copeland restrained both municipalities from continuing their respective annexation proceedings and ordered them to appear before Judge Bryson and show cause why the temporary order should not be continued until final hearing. On 17 June 1969, following the show cause hearing, Judge Bryson dissolved the order as to both municipalities.

5. On 17 June 1969, following dissolution of the temporary order signed by Judge Copeland, both the Town of Hudson and the City of Lenoir started annexation proceedings anew. The Town of Hudson adopted a resolution of intent to annex the disputed Joyceton territory. Lenoir investigated and determined the sufficiency of the petitions signed by the owners of the disputed area and set a public hearing for 30 June 1969. Hudson scheduled its public hearing for 21 July 1969. Each published notice of action taken and of its public hearing.

6. On 30 June 1969, following the public hearing, the City of Lenoir enacted an ordinance formally annexing the disputed area.

7. On 27 August 1969 the Town of Hudson, having completed its involuntary annexation proceeding, enacted an ordinance extending its municipal limits to include the disputed Joyceton area, effective 29 June 1970.

8. On 24 September 1969 Atlantic Investment Company, Inc., et al. (all the owners of the disputed Joyceton area) filed a petition and complaint in the Superior Court of Caldwell

County against the Town of Hudson and the City of Lenoir, seeking review of the actions of the governing boards of the two municipalities. (69 CVS 1041) These property owners allege that the Hudson proceeding is illegal and void and pray (1) that the Town of Hudson be permanently enjoined from taxing plaintiffs or their property and (2) that the validity of the annexation ordinance of the City of Lenoir be determined. Answer was duly filed by each defendant.

The matter came on for hearing before Judge Thornburg at the 12 October 1970 Civil Session of Caldwell Superior Court. He made findings of fact, conclusions of law, and adjudged that (1) each municipality abandoned its original annexation proceeding on 17 June 1969 and those proceedings are now null and void; (2) the issues raised in the case entitled *Town of Hudson v. City of Lenoir* (69 CVS 448), wherein each municipality sought and obtained injunctive relief, are moot; (3) the voluntary annexation of the area in dispute by the City of Lenoir on 17 June 1969 pursuant to G.S. 160-452 was completed according to law on 30 June 1969, and the property of the plaintiffs has been a part of the City of Lenoir since that date; and (4) the involuntary annexation proceeding instituted by the Town of Hudson on 17 June 1969 and the ordinance adopted 29 August 1969 (to be effective 29 June 1970) are void and of no force and effect with respect to the property of the plaintiffs which is the subject of this controversy. Judge Thornburg thereupon dismissed the action and cross action in the case entitled *Town of Hudson v. City of Lenoir* (69 CVS 448), and taxed the costs of that action against the Town of Hudson. He permanently enjoined the Town of Hudson from exercising any municipal control over the property of the plaintiffs.

The Town of Hudson appealed to the Court of Appeals assigning errors noted in the opinion. The case was transferred to the Supreme Court under its general referral order dated 31 July 1970.

*West and Groome, by H. Houston Groome, Jr., Attorneys for Appellant Town of Hudson; Ervin, Horack and McCartha, by C. Eugene McCartha, Attorneys associated on the Brief for the Appellant Town of Hudson.*

*Norwood Robinson of the firm Hudson, Petree, Stockton, Stockton & Robinson, Attorney for Plaintiff Appellees, Atlantic Investment Company, Inc., et al.*

*Carpenter & Bost, by W. T. Carpenter, Jr., Attorneys for Defendant Appellee, City of Lenoir.*

HUSKINS, Justice.

[1] Hudson contends it acquired prior and exclusive jurisdiction to annex the disputed area because it was first to pass a resolution of intent to annex the Joyceton area and Lenoir could not therefore proceed with voluntary annexation. Hudson relies on the majority rule stated in 2 McQuillin, Municipal Corporations (3d Ed., 1966), § 7.22a, which reads, in pertinent part, as follows:

> "The rule that among separate equivalent proceedings relating to the same subject matter, that one which is prior in time is prior in jurisdiction to the exclusion of those subsequently instituted, applies, generally speaking, to and among proceedings for the municipal incorporation, annexation, or consolidation of a particular territory; *i.e.,* in proceedings of this character, while the one first commenced is pending, jurisdiction to consider and determine others concerning the same territory is excluded. Thus, where two or more bodies or tribunals have concurrent jurisdiction over a subject matter, the one first acquiring jurisdiction may proceed, and subsequent purported assumptions of jurisdiction in the premises are a nullity."

See *Landis v. City of Roseburg,* 243 Ore. 44, 411 P. 2d 282 (1966) ; *Town of Greenfield v. Milwaukee,* 259 Wis. 77, 47 N.W. 2d 292 (1951) ; *Town of Clive v. Colby,* 255 Iowa 483, 123 N.W. 2d 331 (1963) ; *State ex rel. Harrier v. Spring Lake Park,* 245 Minn. 302, 71 N.W. 2d 812 (1955) ; *Daytona Beach v. Port Orange,* 165 So. 2d 768 (Fla. App., 1964) ; *People ex rel. Forde v. Corte Madera,* 115 Cal. App. 2d 32, 251 P. 2d 988 (1953) ; *Joplin v. Shoal Creek Drive,* 434 S.W. 2d 25 (Mo. App., 1968) ; Comment, Municipal Corporations: Prior Jurisdiction Rule, 7 Wake Forest L. Rev. 77 (1970).

[2] We hold that the prior jurisdiction rule is not applicable to the facts of this case for two reasons. The record shows that

Town of Hudson v. City of Lenoir

upon dissolution of the restraining order both Hudson and Lenoir began annexation proceedings anew on the same day, June 17, 1969. Therefore, neither municipality could have gained exclusive jurisdiction under the "first to start" rule. Hudson argues, nevertheless, that its resolution of June 17 *relates back* to its original resolution passed on April 4, 1969. This contention is without merit. It is clear that all parties regarded the June proceedings as completely new and independent. In fact, Hudson's resolution on June 17 manifested the Town's intent to annex property not contained in the original resolution of April 4 and attempted to correct or supply omissions in the April proceeding. Furthermore, Hudson's Report on Annexation dated June 1969 states specifically that its procedure began on June 17, 1969, when its governing board adopted a Resolution of Intent to consider annexation of the areas described in the report. No other resolution and no other starting time is mentioned. In this posture, the resolution is similar to an ordinance: it is presumed prospective. " . . . [N]o ordinance shall be construed as having a retroactive effect unless such intention clearly appears. Thus, ordinances or by-laws operate in the future only, and are never to be given a retrospective or retroactive effect if susceptible of any other construction." 62 C.J.S., Municipal Corporations, § 443; *Smith v. Mercer,* 276 N.C. 329, 172 S.E. 2d 489 (1970). In the new resolution, there is no language indicating any intention that it is to have retroactive effect. If so intended, the intention of the Town Board should have been manifested at the time of its passage.

Aside from the fact that neither municipality was prior to the other in initiating annexation proceedings, the two proceedings were not "equivalent." The voluntary procedure initiated by the landowners and future municipal taxpayers has understandably been made simpler and quicker than the involuntary annexation procedures available to and followed by Hudson. The variations in procedural requirements with respect to voluntary and involuntary annexation make it possible for property owners in the affected area to inject an element of choice as to which municipality will govern them. *Compare* G.S. 160-452, which governs voluntary annexation, *with* G.S. 160-453.1 through G.S. 160-453.12, which governs involuntary annexation by municipalities of less than 5,000 population. It is significant here that the landowners affected preferred to be in Lenoir rather than Hudson. The applicable statutes recognize this possibility

and afford the landowners an avenue of choice if they wish to travel it. *But see Town of Clive v. Colby,* 255 Iowa 483, 123 N.W. 2d 331 (1963), where *voluntary* and *involuntary* annexation procedures were treated, by implication, as equivalent.

[3, 4] Hudson contends that the trial judge, upon finding that the record of its annexation proceedings failed to show substantial compliance with the essential provisions of the statutes under which it proceeded, was required to remand the proceeding to the governing board of the Town of Hudson for amendment with respect to such noncompliance. Ordinarily, this is so. G.S. 160-453.6(g); *Huntley v. Potter,* 255 N.C. 619, 122 S.E. 2d 681 (1961). It is well established, however, that the literal language of a statute will be interpreted to avoid an absurd result. *Underwood v. Howland, Comr. of Motor Vehicles,* 274 N.C. 473, 164 S.E. 2d 2 (1968); *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765 (1970). Any new or amended proceeding by the Town of Hudson correcting all procedural irregularities would have been an exercise in futility after 30 June 1969 when the disputed area became a part of the City of Lenoir. After that date any attempt by the Town of Hudson to annex the disputed area would be in violation of G.S. 160-453.4(b) (3), which prohibits the annexation of an area already included within the boundary of another incorporated municipality. Failure to remand under such circumstance was not error.

The record discloses that on 17 June 1969, following dissolution of the temporary order signed by Judge Copeland, the City Council of Lenoir met in special session and received a petition, signed by each owner of real property in the disputed Joyceton area, requesting that the area described therein be annexed into the corporate limits of Lenoir. The petition was referred to the city clerk for checking and certification. The clerk, after reviewing the petition and checking it according to the map of the area, determined its sufficiency and so certified. The Council thereupon, by resolution, set a public hearing on the question of annexation, to be held at the Lenoir City Council Room at 9 a.m. on 30 June 1969. Notice of the public hearing was published in the Lenoir *News Topic* on Wednesday, 18 June 1969, more than ten days prior to the date of the public hearing. The Lenoir City Council then met in special session on June 30, 1969, and no one appeared at the public hearing in opposition to the annexation. The Council then determined that

the petition of the property owners met the requirements of G.S. 160-452 and adopted an ordinance annexing the territory described in the petition, effective immediately. Thus, the requirements of G.S. 160-452 were fully met, and the disputed area became a part of the City of Lenoir on 30 June 1969. It was not thereafter available for annexation by any other municipality.

In view of the foregoing conclusions, it is unnecessary to discuss or decide whether Hudson complied with the requirements of G.S. 160-453.1 *et seq.* governing involuntary annexations by municipalities of less than 5,000 population. Whether it did or not, it could in no event annex an area already within the boundary of another incorporated municipality. G.S. 160-453.4(b) (3) ; *2 McQuillin, supra,* § 7.22.

No error.