WEST END RURAL HIGH SCHOOL DISTRICT OF AUSTIN COUNTY, TEXAS, ET AL V. COLUMBUS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF COLORADO COUNTY, ET AL.

No. A-2091. Decided May 18, 1949.
Rehearing overruled July 15, 1949.
(221 S. W., 2d Series, 777.)

154

*W. I. Hill,* of Bellville, and *Duckett & Duckett,* of El Campo, for petitioners.

The Court of Civil Appeals erred in holding that the Columbus Independent School District, named in the petition of the Henkhaus district (for consolidation with the Columbus district) was the same after its consolidation (under another election petition) with the New Ulm Independent School District and had not lost its identity and the petition calling for an election of the consolidation of Columbus and Henkhaus district was still sufficient upon which to base an election. State ex rel Lowe v. Candenhead, 129 S. W. (2d) 743; Hankins v. Connally, 206 S. W. (2d) 89; Benton v. Long, 128 S. W. (2d) 446.

*Massey & Hodges* and *Otto Morre, Jr.,* all of Columbus, for respondents.

There is no merit in petitioners' contention that the Court of Civil Appeals erred in its holding that the county judge had jurisdiction to call the Henkhaus-Columbus consolidation election, because he retained jurisdiction of said petition until the consolidation was finally disposed of. Rhea Common Sch. Dist. No. 3 v. Bovina Ind. Sch. Dist. No. 5, 214 S. W. (2d) 660, in which the writ of error was dismissed.

MR. JUSTICE TAYLOR delivered the opinion of the Court.

The following background of facts led to the litigation in this case: There were three school districts, Henkhaus, a common school district in Austin County, and Columbus District in Colorado County and New Ulm District in Austin County, both independent districts, all three districts being contiguous to some extent, each one being contiguous with both of the others. On June 17, 1948, two petitions regular in all respects were filed with the County Judge of Austin County and accepted by him on June 25th. One was signed by the requisite number of signers of the Henkhaus district, and the other by the required number of signers of the New Ulm district. The petitions prayed respectively for consolidation elections. The Henkhaus petition requested an election for consolidation of Henkhaus district with Columbus district only. The New Ulm petition requested an election for consolidation of the New Ulm district with Columbus district only. Neither petition requested an election for consolidation of all three districts and the County Judge recognized his lack of jurisdiction to order an election for this purpose on the two petitions accepted by him, observing in this connection that neither petition indicated that a three-district consolidation was desired.

However, on June 25, 1948, the Judge ordered an election on the New Ulm petition for consolidation of the New Ulm and Columbus districts as requested by that petition. The election was held on July 22 and resulted in consolidation. In the interest of brevity the district formed by this consolidation will be hereinafter referred to as the "Consolidated District."

On July 24th, the second day following the holding of the election the County School Board of Austin County, acting under the authority of articles 2922-a and 2922c, Vernon's Annotated Civil Statutes, grouped Henkhaus district with the Industry and Shelby districts. By this action the Board formed the West End Rural High School District of Austin County, one of the plaintiffs who filed this suit. The statutes referred to need not be set out or discussed since it is not questioned that

the high school district formed by this grouping was legally created on its own initiative in event the County Judge was without authority at that time to order the second election presently to be discussed.

Subsequently, on July 31, 1948, the County Judge of Austin County ordered an election, (the election just referred to as the second election), on the Henkhaus petition, which requested that an election be ordered to consolidate the Henkhaus and Columbus districts. At that time, it will be noted, the County Board had already formed the high school district on its own initiative. On September 1, 1948, the Commissioners Court canvassed the returns and entered an order declaring the consolidation of the Henkhaus with the "Consolidated District," a consolidation, it will be observed, which was not prayed for by either petition accepted by the County Judge.

Soon after the result of the second election was declared the newly grouped West End Rural High School District, the County Board of Education of Austin County, the County Superintendent of that county, George W. Hill, and others, filed this suit to restrain the "Consolidated District" and those purporting to act as its official form performing any of the official school functions of the Henkhaus community and from interfering with any of the business affairs relating to the newly created rural high school.

Among other defenses interposed by defendants was their plea in abatement, predicated on an alleged lack of authority in plaintiffs to bring the suit. Upon a hearing before the court, judgment was rendered overruling the plea in abatement. In this order overruling the plea the court gave the following reasons, among others, for his action:

"That when the * * * County Judge of Austin County * * * issued an order calling for an election for the consolidation of the Columbus * * * District * * *, and Henkhaus * * * District, on July 31, 1948, there could not have been a valid election since the County Judge did not have before him * * * a petition requesting such election in that the Columbus * * * District * * *, mentioned in said petition and in said election order, was no longer in * * * existence, * * *, leaving the said County Judge without jurisdiction in the matter. * * * The prior action of the * * * County Board of Education * * * on July 24, 1948, grouping and creating West End Rural High School District of Austin County * * * (was then) in effect * * *."

The judgment of the trial court granted the requested injunction against defendants. Upon appeal the Court of Civil Appeals reversed the judgment of the trial court, rendered judgment sustaining the plea in abatement, and dismissed the suit for injunction. 216 S. W. (2d) 646.

■ The application for writ of error was granted on petitioner's first point, in which they complain that the Court of Civil Appeals erred in holding that the consolidated district was the same district after consolidation of the New Ulm and Columbus districts as it was prior thereto; and in this connection complain that the Court erred in holding that the Henkhaus petition was a proper petition upon which to base the second election order.

Upon final consideration we adhere to the tentative view indicated by granting the writ. The source of the authority, or jurisdiction, of a county judge to call an election such as the second election is article 2806, Vernon's Annotated Civil Statutes. Since it is a special grant of authority its exercise must be in strict conformity with the provisions of the legislative grant. Mesquite Ind. School Dist. v. Gross, 123 Texas 49, 67 S. W. (2d) 242; Missouri, K. & T. Ry. Co. v. Tolbert, 100 Texas 483, 101 S. W. 206; 29 C. J. S. 92, Elections, Sec. 69; 18 Am. Jur. 243, Elections, Sec. 102. Article 2806 is as follows:

"On petition of twenty (20) or a majority of the legally qualified voters of *each contiguous common school districts, or contiguous independent school districts, praying for the consolidation of such districts for school purposes,* the county judge shall issue an order for an election to be held on the same day *in each such district.* The county judge shall give notice of the date of such elections by publication of the order in some newspaper published in the county for twenty (20) days prior to the date on which such elections are ordered, or by posting a notice of such elections in each of the districts, or by both such publication and posted notice. The Commissioners' Court shall, at the next meeting, canvass the returns of such elections, and if the votes cast *in each and all districts* show a majority *in each district voting separately* in favor of such consolidation, the Court shall declare the school districts consolidated." (Emphasis added.)

It will be observed that article 2806 requires that the petition be signed by "twenty (20) or a majority of the qualified voters *of each of several contiguous common school districts, or contiguous independent school districts, praying for the consoli-*

*dation of such districts for school purposes,* * * *.*" (Emphasis added). Necessarily the petition must name specifically the districts to be consolidated in order to "pray" for their consolidation. This construction is also required by the provisions that the districts be contiguous and that each district vote on the question of the requested consolidation separately.

■ Article 2806 does not purport to confer unlimited power, or jurisdiction, upon a county judge to call special elections for the purpose of effecting consolidation of school districts. The statute expressly limits his jurisdiction to the instances in which he is presented with a petition complying with the above noted requirements; in other words, with a proper petition. The requirements pointed out are conditions precedent to invoke the jurisdiction of a county judge to call an election for creating a district or districts by consolidation; and consequently the requirements limit his potential jurisdiction. The "want of potential jurisdiction renders an act utterly void, and subject to collateral attack." Mesquite Ind. School Dist. v. Gross, supr. See also Missouri, K. & T. Ry. Co. v. Tolbert, supra; 29 C. J. S. 92, Elections, Sec. 69; 18 Am. Jur. 243, Elections, Sec. 102. When a county judge lacks potential jurisdiction to order an election to consolidate districts not named in the petition, or which is not otherwise contemplated by the petition, an election held pursuant to his order is void. Mesquite Ind. School District case, supra.

■ Upon filing and acceptance of the Henkahaus petition, the County Judge acquired only such jurisdiction as was conferred by that petition. It did not name and pray for consolidation with the "Consolidated District" which included the former Columbus district, as then extended, and the New Ulm district. The County Judge, recognizing the defectiveness in the petitions accepted by him, insofar as invoking his authority to create by election ordered upon either petition, singly, or upon both simultaneously, a new district composed of all three districts, sought, as pointed out above, to supply the then lacking authority by effecting a consolidation of two of the districts. He incorrectly assumed that the Henkhaus petition would be sufficient for any purpose following a consolidation had upon the New Ulm petition. After consolidation of the New Ulm and Columbus districts it became impossible for him to call an election as prayed for in the Henkhaus petition, because it did not pray for consolidation of Henkhaus district with the New Ulm district, nor pray for a consolidation of Henkhaus with the "Consolidated District."

The defect of the Henkhaus petition was apparent on the face of the petition, and was a substantial one. After consolidation of New Ulm and Columbus districts the status of the Columbus district was materially changed. It no longer embraced the same territory and its obligation as well as its rights extended to the larger area.

The cases cited in the opinion of the Court of Civil Appeals do not control the decision of this case. We are in accord with the statement of the Court of Civil Appeals in this case to the effect that *"a county judge acquired jurisdiction* to call an election on the question of the consolidation of common school districts immediately *on presentation to and acceptance by him of a legal* (or proper) *petition therefor ,* * * *."* (Emphasis added.) It should be explained, in keeping with the foregoing statement, that the statutory petition also limits a county judge's jurisdiction to a consolidation of the districts named in the petition accepted by him; and consequently, the propriety of his action in ordering an election must be determined at the time the order is made. The County Judge's jurisdiction in this case was not supplied by the New Ulm-Columbus consolidation. It could be supplied only by a statutory petition.

This is not a case of latent defects being urged as grounds for avoiding an election duly held. Here the record shows on its face the county judge's lack of potential jurisdiction to call the questioned election. He had authority before accepting the petitions to determine their sufficiency respectively with regard to possible latent defects, such as the requisite voting qualifications of the signers of the petition and the requisite contiguity of the districts named in the respective petitions. Scarbrough v. Eubank, 93 Texas 106, 53 S. W. 573. The distinction which we give effect to is clearly made in Cary v. Simpson. 239 Ky. 381, 39 S. W. (2d) 668.

We hold that the trial court correctly decided this case, and accordingly reverse and set aside the judgment of the Court of Civil Appeals. The judgment of the trial court is affirmed and it is so ordered.

Opinion delivered May 18, 1949.

Rehearing overruled July 15, 1949.