## LAMKIN INDEPENDENT SCHOOL DIST. v. HAMILTON INDEPENDENT SCHOOL DIST.

No. 2986.

Court of Civil Appeals of Texas. Waco.

Oct. 4, 1951.

Rehearing Denied Oct. 25, 1951.

control over the schools of Lamkin Independent School District or the property thereof and from levying, assessing and collecting taxes on property in the Lamkin Independent School District.

The only attack made by plaintiff (appellant) in the trial court upon the regularity of the consolidation proceedings was based on the fact that in the petitions, orders and notices for the consolidation elections and in the orders canvassing the returns and declaring the results of the consolidation elections one of the districts was designated as "Lamkin Common School District" instead of as "Lamkin Independent School District." Appellant has not made any claim or advanced any contention that there was any other irregularity or defect in the consolidation proceedings.

After hearing, the trial court denied the injunction and the appellant has appealed.

Appellant contends that the trial court erred in refusing to grant the temporary injunction to restrain the Hamilton Independent School District from putting into effect a consolidation proceeding based on petitions for an election which did not specifically name each school district to be consolidated, in that the Lamkin District was referred to and designated in the proceedings as the "Lamkin Common School District No. 810 in Comanche County, Texas", instead of "Lamkin Independent School District No. 810 in Comanche County."

On January 5, 1951, a petition signed by forty persons alleged to be legally qualified voters of the Lamkin Common School District No. 810 was presented to the County Judge of Comanche County, praying for an election to consolidate Lamkin Common School District No. 810 in Comanche County, Texas, with Hamilton Independent School District of Hamilton County, Texas. The County Judge ordered the election to be held on February 3, 1951. A majority of the votes cast in said election favored the proposed consolidation. On January 5, 1951, a petition signed by twenty-four persons alleged to be qualified voters of Hamilton Independent School District was presented to the County Judge of

C. O. McMillan, Stephenville, for appellant.

J. C. Hinsley, Austin, for appellee.

LESTER, Chief Justice.

This is an appeal from an interlocutory order of the District Court of Hamilton County, Texas, denying the plaintiff (appellant here) a temporary injunction in a suit brought by Lamkin Independent School District of Comanche County, Texas, as plaintiff, against Hamilton Independent School District of Hamilton County, Texas, as defendant, in which the plaintiff sought to have proceedings theretofore taken for the consolidation of a school district designated as "Lamkin Common School District No. 810 of Comanche County" with Hamilton Independent School District of Hamilton County declared null and void, and in which plaintiff prayed for temporary and permanent injunctions to restrain Hamilton Independent School District from exercising any

Hamilton County, praying for an election to consolidate Hamilton Independent School District in Hamilton County with Lamkin Common School District No. 810 of Comanche County. The County Judge ordered the election to be held on February 3, 1951. The result of said election was in favor of consolidation. In all of the consolidation proceedings the Lamkin District was referred to as "Lamkin Common School District of Comanche County" and nowhere referred to as "Lamkin Independent School District."

At the hearing for a temporary injunction appellant introduced in evidence an order dated April 22, 1912, creating Lamkin Common School District No. 65. It was stipulated that by special act of the Legislature passed in 1918, 4th Called Session, c. 10, p. 242, the Lamkin Independent School District of Comanche County was created. Plaintiff also introduced in evidence a proceeding dated May 29th and May 30th, 1929, whereby the territory of Macksville Common School District No. 18 was added to and embraced in Lamkin Independent School District. Plaintiff also introduced in evidence the proceedings of the two elections held for the purpose of consolidating the Lamkin District with the Hamilton Independent School District.

The appellee placed upon the witness stand six witnesses, some of whom had been connected officially with the Lamkin School District as long as twenty years and had resided in said district for many years. The effect of their testimony was that the district, on account of not having sufficient scholastic population in any one year to be operated as an independent district, had been conducted as a common school district for many years prior to said election, and was and had been generally known and considered by the people of said district as a common school district; that there was no other school district in Comanche County by the name of "Lamkin".

There was no evidence nor can any inference be drawn from the evidence introduced that the voters of either district were misled in any way or that they did not know what they were attempting to do, or that any voter failed to vote by reason of the fact that the Lamkin District was referred to as a common school district instead of an independent district.

The case of Pleasant Valley Common School Dist. No. 7 v. Story, County Judge, Tex.Civ.App., 142 S.W.2d 258, writ ref., involved a very similar situation to the one presented here. Appellant says in reference to the above case that if it correctly states the law it does seem to support the trial court's judgment. We are of the opinion that it does and fits the facts of this case. Appellant cites West End Rural High School District of Austin County v. Columbus Consolidated Independent School District of Colorado County, 148 Tex. 153, 221 S.W.2d 777, 778. We have read the case but are of the opinion that it is not in point with the case at bar and that the Supreme Court did not overrule or modify the Pleasant Valley Common School District case as to the law that should be applied herein.

The judgment of the trial court is affirmed.