**Michael T. McSPADDEN, Relator,**

v.

**Jack CARTER, Chairman, Harris County Democratic Executive Committee, Respondent.**

No. 01–90–0138–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 12, 1990.

W. Troy McKinney, Houston, for Michael T. McSpadden.

David Webb, Houston, for Jack Carter.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

OPINION

EVANS, Chief Justice.

This original mandamus proceeding involves an election challenge. Relator, the Honorable Michael T. McSpadden, challenged the application of the real party in interest, Lee F. Burrows, for placement on the March 13 Democratic primary ballot for the position of judge of the 209th Judicial District Court of Harris County. Judge McSpadden, the incumbent judge of that court, alleges that Burrows filed voter petitions in support of his ballot application that do not comply with the requirements of TEX.ELEC.CODE ANN. § 141.031 (Vernon 1990). He contends that the petitions contain only 192 valid signatures of registered voters, 58 fewer than are required by statute. TEX.ELEC.CODE ANN. § 141.063 (Vernon 1986).

We granted leave to file on February 16, 1990, and set this case for a February 28 oral argument. On the request of the parties, we postponed oral argument until the Texas Supreme Court decided *Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712 (Tex.1990). In light of the supreme court's *Brady* opinion, we withdraw leave to file as having been improvidently granted.

In *Brady*, the supreme court held that mandamus relief is not available in an election dispute requiring the resolution of factual issues involving voters' signatures, because Texas appellate courts may not deal with disputed areas of fact in an original mandamus proceeding. *Id.* at 714. The court stated:

> The construction and application of the Election Code provisions [real party in interest, the Honorable D. Camille] Dunn asserts were violated, by the nature of the statutes involved, require a fully-developed factual record. It is impossible to construe the statutes as to factors such as the type and extent of clerical error that is permissible, without factual determinations of how many signers were in fact registered but gave incorrect voter registration numbers through

clerical error. The number of registered voters who signed is a fact question that may not be determined by comparing registration names with signatures, because some signers may have used variants of their names ... that would not be disclosed by simple comparison.

*Id.* The supreme court thus rejected the argument, raised by Judge McSpadden in this proceeding, that voters' petitions must strictly comply, on their face, with the requirements of the Election Code.

Burrows has filed a response, with affidavits, disputing Judge McSpadden's challenge to the voter petitions. Burrows claims that over 250 of his signers were in fact registered voters, although some of their names, addresses, and registration numbers may have been incorrectly recorded. He also disputes 22 of 23 signatures that Judge McSpadden alleges were forged, and contends that his original petitions were all properly notarized, although the copies attached to the mandamus petition do not evidence that fact. All told, he specifically contends that 287 of his 326 signatures are valid signatures of registered voters. We are unable to resolve this factual dispute in this mandamus proceeding. *Id.*

The *Brady* court also held that a challenge to the constitutionality of the statutory requirements, like that asserted by the respondent in this case, can only be resolved on a full factual record, or on undisputed facts. *Id.* at 715. According to the supreme court, the resolution of the constitutional issues requires a balancing of the burden that complying with the statute places on the candidate, against the interest the state must advance to justify the regulation. *Id.* at 715; *see Eu v. San Francisco County Democratic Cent. Comm.,* 489 U.S. 214, 109 S.Ct. 1013, 1019, 103 L.Ed.2d 271 (1989). Because the "party defending the statutory regulation must produce *evidence* that the burdens are necessary to further a compelling state interest ... resolving the constitutional issue necessarily requires factual determinations." *Brady,* at 716 (emphasis added).

The facts in this proceeding are neither stipulated nor undisputed. Therefore, we cannot conduct the balancing test that the resolution of the constitutional issue requires. *Id.*

Because these issues require the determination of issues of fact, we conclude that we improvidently granted leave to file the petition for writ of mandamus. Accordingly, we OVERRULE the motion for leave to file a petition for writ of mandamus.