**CITIZENS FOR FAIR TAXES, Relator,**

v.

**The SWEETWATER INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, Patrick Gerald, President, Zollie Steakley, John Pennington, Robert Hampton, Jimmie Bender, Delbert Davis, Ricky Castro, Individually and as Trustees, Respodents.**

No. 11–91–042–CV.

Court of Appeals of Texas, Eastland.

April 4, 1991.

Aubrey Roberts, Moore, Dickenson, Roberts & Ratliff, Sweetwater, for relator.

Charles R. Griggs, Nunn, Griggs, Jones & Sheridan, Sweetwater, for respondents.

## OPINION

PER CURIAM.

This is an original mandamus proceeding. Citizens for Fair Taxes, a nonprofit and unincorporated association of qualified voters residing in the Sweetwater Independent School District, seeks a writ of mandamus directing the Sweetwater Independent School District Board of Trustees, Patrick Gerald, Zollie Steakley, John Pennington, Robert Hampton, Jimmie Bender, Delbert Davis, and Ricky Castro to properly proceed under TEX.TAX CODE ANN. § 26.08 (Vernon 1982 & Supp.1991).

On September 18, 1990, the School Board adopted a tax rate of $1.34 per $100 valuation of all property in the school district limits. This was more than an eight per-

cent increase in the tax rate.[1] On November 20, 1990, relator presented a petition to the School Board calling for a "rollback" election pursuant to Section 26.08. The petition contained 873 signatures. The School Board accepted the petition and appointed a committee to review the signatures. On December 9, 1990, the committee reported that, after eliminating "nonqualified voters and signatures signed by a person other than the registered voter," 596 valid signatures appeared on the petition. The committee further reported that 683 signatures were needed to comply with the requirements of Section 26.08. The School Board then passed a resolution pursuant to Section 26.08(c) that the petition was not valid.

On December 17, 1990, the 90th day after the School Board adopted the tax rate, relator delivered a second petition to the Sweetwater Independent School District Administration Office. The next day, the School Board met and appointed a committee to review the second petition. On December 27, 1990, the School Board passed a resolution that the second petition was invalid.

Relator contends that respondents abused their discretion when they invalidated both petitions. With respect to the first petition, relator argues that the School Board failed "to challenge any signatures in the statutory manner." Relator contends that TEX.TAX CODE ANN. § 26.081 (Vernon Supp.1991) places the "burden" on the governing body to specify the problem with invalid signatures and to direct petition organizers to correct those invalid signatures.

■ A writ of mandamus is an extraordinary remedy and will only issue to correct a clear abuse of discretion or the violation of a duty imposed by law when no other adequate remedy at law exists. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985); *State v. Walker*, 679 S.W.2d 484 (Tex.1984); *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984); *State*

*Bar of Texas v. Heard*, 603 S.W.2d 829 (Tex.1980). In order to obtain a writ of mandamus, the relator must establish that the facts and the law are such that the circumstances permitted the respondent to make but one decision. *Johnson v. Fourth Court of Appeals, supra.*

■ Section 26.081 provides:

(a) A voter's signature on a petition filed in connection with an election under this chapter is not required to appear exactly as the voter's name appears on the most recent official list of registered voters for the signature to be valid.

(b) If the governing body reviewing the petition is unable to verify the validity of a particular voter's signature, and the petition does not contain any reasonable means by which they might otherwise do so, such as the voter's registration number, home address, or telephone number, the governing body *may* then require the organizer of the petition to provide such information for that particular voter if the organizer wishes for the signature to be counted. (Emphasis added)

We disagree with relator's argument that Section 26.081 mandates the governing body to require the petition organizers to provide additional information to verify signatures. Section 26.081 does not require such action by the governing body. The validation of signatures is a discretionary act. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712 (Tex.1990); *McSpadden v. Carter*, 802 S.W.2d 246 (Tex.App.—Houston [1st Dist.] 1990, original proceeding). With regard to the first petition, relator has not established that the facts and law are such that only one decision could be made by the governing body. *Johnson v. Fourth Court of Appeals, supra.* Relator's request for a writ of mandamus to validate the first petition is denied.

Relator also challenges the handling of the second petition. It is undisputed that

---

1. Pursuant to Section 26.08(a), if the tax rate is increased by more than eight percent, qualified    voters may petition for a rollback election.

the School Board determined that the second petition was invalid on the grounds that the petition was not properly submitted under Section 26.08(b)(3) and that signatures were secured through the newspaper in violation of Section 26.08(b)(2). Relator contends that respondents abused their discretion in refusing to count the signatures in the second petition. We agree.

Section 26.08(b) provides:

(b) A petition is valid only if:

(1) it states that it is intended to require an election in the school district on the question of limiting the tax rate for the following year;

(2) it is signed by a number of qualified voters of the school district equal to at least 10 percent of the number of qualified voters of the district according to the most recent official list of qualified voters not *counting the signatures of voters gathered by a person who received compensation for circulating the petition;* and

(3) it is submitted to the *governing body* on or before *the 90th day* after the date on which the governing body adopted the tax rate for the current year. (Emphasis added)

Respondents argue that the second petition was not properly submitted to the governing body because it was delivered to the School Administration Office on the 90th day and not presented to the School Board at a meeting until the 91st day. Respondents contend that the School Board, as the governing body, can only function as a "body corporate." Therefore, under Section 26.08(b)(3), a rollback election petition is valid only if timely submitted to the entire School Board at a meeting.

■ The School Board contracts with various employees pursuant to its statutory power to carry out the daily operations of the school district. See TEX.EDUC.CODE ANN. § 23.28 (Vernon 1987). Delivery of a rollback election petition to school employees under contract by the School Board at the School Administration Office during school hours constitutes submission to the governing body. We hold that the second petition was timely submitted in strict compliance with Section 26.08(b)(3). *See West End Rural High School Dist. of Austin County v. Columbus Consolidated Independent School Dist. of Colorado County,* 148 Tex. 153, 221 S.W.2d 777 (1949); Op. Tex.Att'y Gen. No. JM–574 (1986).

■ The petition organizers placed an advertisement in the *Sweetwater Reporter* asking for help in obtaining sufficient signatures to call a rollback election. The advertisement directed those qualified voters who were interested to cut out the "petition" from the newspaper, sign and circulate it, and deliver it to Dale Martin by noon on December 17, the 90th day. These newspaper petitions comprised the majority of the signatures contained in the second petition.

The School Board argues that the signatures on the newspaper petitions are in violation of Section 26.08(b)(2) because the newspaper received compensation for circulating the advertisement. We disagree.

Section 26.08(b)(2) disqualifies any signatures "*gathered* by a person who received compensation for *circulating* the petition." (Emphasis added) It is undisputed that Martin, the person to whom the petitions were returned, received no compensation for gathering the signatures. There is no evidence that any of the persons who clipped the advertisement, signed it and asked others to sign it, and then returned it to Martin were compensated. It is clear that the newspaper did not gather any signatures.

■ The School Board also argues that, in light of the Supreme Court's opinions in *Edgewood v. Kirby,*[2] mandamus is a "use-

---

**2.** The Supreme Court held that the State system for financing public education was unconstitutional in *Edgewood Independent School District v. Kirby,* 777 S.W.2d 391 (Tex.1989). [Edgewood I]. The Supreme Court then dealt with the Legislature's attempt to pass a new funding system and the trial court's subsequent action in *Edgewood Independent School District v. Kirby,* 804 S.W.2d 491 (Tex.1991) [Edgewood II], *motion for rehearing overruled,* 34 Tex.Sup.Ct.J. 368 (February 25, 1991) [Edgewood III].

less" remedy because "the system of local ad valorem taxation faces such restructuring that any tax rate fixed before restructuring is complete will be a nullity and of no effect whatsoever."

In *Edgewood I,* the Supreme Court held that:

> We hold that the State's school financing system is neither financially efficient nor efficient in the sense of providing for a "general diffusion of knowledge" statewide, and therefore that it violates Article VII, section 1 of the Texas Constitution.

The Supreme Court further stated that local supplementation of "an efficient system established by the legislature" was not precluded so long as "any local enrichment" is "derive[d] solely from local tax effort[s]." The Supreme Court in *Edgewood II* further held that a new public school finance system enacted by the Legislature continued to violate Article VII, section 1 of the Texas Constitution. In *Edgewood III,* the Supreme Court stated on motion for rehearing that:

> The current system remains unconstitutional not because *any* unequalized local supplementation is employed, but because the State relies so heavily on unequalized local funding in attempting to discharge its duty to "make suitable provision for the support and maintenance of an efficient system of public free schools." (Emphasis in original)

The *Edgewood* opinions do not eliminate local ad valorem taxation as a source of local funding making mandamus a "useless" remedy.

We hold that the second petition was timely submitted and that signatures on the petition are not invalid solely because an advertisement was placed in the *Sweetwater Reporter.* Pursuant to Section 26.-08, the School Board is required to determine whether or not the second petition contains sufficient valid signatures. By failing to consider the second petition, the School Board abused its discretion.

The petition for writ of mandamus is denied as to the first rollback election petition and conditionally granted in part as to the second rollback election petition. In the event that respondents fail to review the second rollback election petition within 20 days from the date of this opinion, the writ of mandamus shall issue.

DICKENSON, J., not participating.